IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-864 T
(Judge Robert H. Hodges, Jr.)
_____

**DAVID M. HUNTSMAN and ANGELA R. HUNTSMAN**

                                                     **Plaintiffs,**

v.

**THE UNITED STATES**

                                                     **Defendant.**

_____

**ANSWER**
_____

Defendant, the United States, through its attorneys hereby answers the complaint of plaintiffs, David M. Huntsman and Angela R. Huntsman. Defendant respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

    1. Admits that David M. Huntsman's social security number is ▓▓▓▓▓▓▓▓ and admits that Angela R. Huntsman's social security number is ▓▓▓▓▓▓▓▓. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the complaint.

    2. Admits the allegations in paragraph 2 of the complaint.

3. Admits that this is an action for a refund of federal income taxes and interest. Denies that such taxes and interest were erroneously or illegally assessed against and collected from the plaintiffs.

4. Avers that this Court has jurisdiction by reason of 28 U.S.C. § 1491.

5. Admits that plaintiffs seek a refund of taxes and interest related to their tax year ending December 31, 1999. Denies that plaintiffs filed a timely joint federal income tax return (Form 1040) on or before April 15, 2000, and avers that a timely joint federal income tax return was filed on extension, on July 10, 2000. Admits that plaintiffs timely paid income taxes in the amount of $35,950 on account of this return.

6. Denies that additions to tax and penalties were assessed against plaintiffs on June 2, 2003, and avers that a statutory notice of deficiency describing the additions to tax and penalties was mailed, by certified mail, to plaintiffs on June 2, 2003.

7. Avers that additions to tax in the amount of $19,289 and penalties in the amount of $3,858 were assessed on or about December 15, 2003. Admits that $4,365.77 in interest accrued on plaintiffs' liabilities for the period April 15, 2000, through December 15, 2003, and that no payments by plaintiffs or offsets by defendant were made as of December 15, 2003.

8. Admits that on or about April 15, 2004, plaintiffs timely filed a joint federal income tax return for their tax year ended December 31, 2003. Admits that plaintiffs' timely paid tax on account of such return. Admits that plaintiffs' 2003 return indicated that they were owed a refund, and that on or after April 15, 2004, defendant applied the amount of such refund in full to plaintiffs' outstanding liabilities for their 1999 tax year, in lieu of refunding the money directly to plaintiffs.

9. Denies that plaintiffs filed a timely joint federal income tax return for the tax year ended December 31, 2004, on or before April 15, 2005, and avers that plaintiffs' 2004 joint federal income tax return was filed on October 17, 2005. Admits that plaintiffs' timely paid income tax on account of their 2004 return. Admits that plaintiffs' 2004 return indicated that they were owed a refund. Avers that defendant followed plaintiffs' elective instruction to apply such refund in full to their estimated 2005 tax liability, in lieu of refunding the money directly to plaintiffs.

10. Admits that plaintiffs' joint federal income tax return for 2003 indicated that they were owed a refund and that on or after April 15, 2004, defendant applied the amount of such refund in full to plaintiffs' outstanding liabilities for their 1999 tax year.

11. Denies that on or after April 15, 2005, any refund due to plaintiffs for their 2004 tax year was applied against the outstanding balance of plaintiffs' 1999 liabilities. Avers that plaintiffs' 1999 tax liability had been satisfied by April 15, 2005, and that plaintiffs elected to have any overpayments associated with their 2004 tax return applied to plaintiffs' 2005 estimated tax liability.

12. Denies that plaintiffs' 1999 tax liability was satisfied through application of refunds owed to plaintiffs for their 2003 and 2004 tax years, and avers that plaintiffs satisfied their 1999 tax liability through application of the refund due to plaintiffs for their 2003 tax year, and through payment by check posted to plaintiffs' account on February 22, 2005, in the amount of $9,166.94. Avers that any refund due to plaintiffs for their 2004 tax year was applied to their estimated 2005 tax liability in accord with plaintiffs' elective instructions.

13. Avers that plaintiffs filed an amended joint federal income tax return (Form 1040X) for the period ending December 31, 1999, on or about November 18, 2005. Admits the

remaining allegations in paragraph 13 of the complaint.

14. Admits that an examination of plaintiffs' joint federal income tax return for the period ending December 31, 1999 commenced in 2002. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the complaint.

15. Admits that an examination report related to plaintiffs' 1999 examination was furnished to plaintiffs on March 7, 2003. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the complaint.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

Respectfully submitted,

March 19, 2007

 s/ Jeffrey R. Malo
JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C.  20044*
*Voice:  (202) 305-7539*
*Fax:    (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

          EILEEN J. O'CONNOR
           *Assistant Attorney General*
          DAVID D. GUSTAFSON
           *Chief, Court of Federal Claims Section*
          G. ROBSON STEWART
           *Reviewer, Court of Federal Claims Section*

March 19, 2007              s/ G. Robson Stewart

                                     Of Counsel