**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-864 T**
**(Judge Robert H. Hodges, Jr.)**

---

**DAVID M. HUNTSMAN and ANGELA R. HUNTSMAN,**

**Plaintiffs,**

**v.**

**THE UNITED STATES**

**Defendant.**

---

# JOINT PRELIMINARY STATUS REPORT

---

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. Plaintiffs contend that jurisdiction is established by 28 U.S.C. § 1346(a)(1) and 28 U.S.C. § 1391(e). Defendant avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491.

B. Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

C. Bifurcation of trial. In the event of a trial in this case, the parties believe that the trial should not be bifurcated, and that evidence concerning both liability and damages should be presented at one trial. The parties also believe, however, that the matter of the amount of any "damages" to which plaintiffs may be found to be entitled (*i.e.*, the

computation of any overpayment) should be resolved after the "liability" issues (see section (h), *infra*) have been decided, and that the parties' pretrial submissions (and initial post-trial submissions, if any) should therefore not address computational matters. The parties will exchange information related to damages in discovery and work to determine whether the quantum of any damages to which plaintiffs would be entitled can be determined by stipulation. However, after the Court has resolved the liability issues, and if the parties are unable to agree on the computation, then the parties will propose procedures whereby the Court can resolve computational issues on the basis of the evidence previously submitted at trial.

D. Deferral. The parties know of no reason for deferral of proceedings at this time.

E. Remand or suspension. The parties do not believe that remand or suspension is appropriate at this time.

F. Additional parties. The parties are unaware of any additional parties to be joined.

G. Dispositive motions. The parties lack sufficient information to determine if they will file any dispositive motions. Once discovery is completed, the parties will be in a better position to determine whether this case can be disposed of by means of summary judgment.

H. Issues. The substantive issues in this tax refund case related to items that appeared on plaintiffs' joint federal income tax return for the tax year ended December 31, 1999. Specifically, these items include:

1. Whether the plaintiffs had unreported income under Schedule C of their 1999 joint federal income tax return;

2. Whether plaintiffs had unreported capital gains under Schedule D of their 1999 joint federal income tax return; and

3. Whether deductions plaintiff's claimed for rental expenses were properly reported under Schedule E of their 1999 joint federal income tax return.

4. Whether plaintiffs substantiated deductions claimed for travel expenses on their 1999 joint federal income tax return;

I. Settlement. At the present time the parties are unable to determine whether this case can be settled. The parties submit that additional information must be obtained in discovery before such a determination can be made.

J. Trial. The parties believe trial may be necessary. The parties propose that within 30 days of the completion of discovery, they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC Appendix ¶ 5, the parties submit the following Discovery Plan:

a. That discovery in the above-captioned case be completed within 180 days from the date of the Court's Order establishing the discovery period.

b. That 30 days after the date set by the Court for completion of discovery, the parties submit to the Court a Joint Status Report discussing further proceedings.

Respectfully submitted,

May 11, 2007

s/ Robert C. Norton

ROBERT C. NORTON
*Stone, Rosenblatt & Cha*
*21550 Oxnard Street*
*Woodland Hills, CA 91367*
*Voice: (818) 999-2232*
*Fax: (818) 999-2269*
*Email: rnorton@srclaw.com*

Counsel for Plaintiff

May 11, 2007

s/ Jeffrey R. Malo

JEFFREY R. MALO
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 305-7539*
*Fax: (202) 514-9440*
*Email: jeffrey.r.malo@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID D. GUSTAFSON
*Chief, Court of Federal Claims Section*
G. ROBSON STEWART
*Reviewer, Court of Federal Claims Section*

May 11, 2007

s/ G. Robson Stewart

Of Counsel

Counsel for Defendant